Tommy Wang (SBN: 272409)
Leontyne Fan (SBN: 285042)
Jonathan Fang (SBN: 279106)
WANG IP LAW GROUP, P.C.
18645 E. Gale Ave., Suite 205
Industry, CA 91748
Telephone: (888) 827-8880
Facsimile: (888) 827-8880
Email: twang@thewangiplaw.com, lfan@thewangiplaw.com

Attorneys for Plaintiff
Peter Kao

# UNITED STATES DISTRICT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KAO, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>BD RESTAURANT GROUP dba MJ CAFE & TEAHOUSE, a California corporation; NEW TAIWAN TRADING CORP. dba NT FOODS, a California corporation; INDEE INC. dba INDEE PACKAGING, a California corporation; and Does 1 to 100, inclusive,<br>  Defendants. | Case No.: 2:17-cv-5958<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTION FOR:**<br>**1. DESIGN PATENT INFRINGEMENT** |

PLAINTIFF PETER KAO (hereinafter "Plaintiff") hereby files this Complaint against the Defendants BD RESTAURANT GROUP dba MJ CAFE & TEAHOUSE, NEW TAIWAN TRADING CORP. dba NT FOODS, INDEE INC. dba INDEE PACKAGING, and Does 1 to 100 (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1. This action concerns Defendants' willful and blatant infringement of Plaintiff's protectable rights in and to the design patent of Plaintiff's light bulb shaped drinking bottle. Plaintiff seeks damages, attorneys' fees, costs, pre-judgment and post-judgment interest, and preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

2. This action arises under 35 U.S.C. §§ 271 and 281. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

3. This Court has personal jurisdiction over Defendants, because Defendants have a continuous, systematic, and substantial presence within this judicial district including the selling and offering for sale infringing products in this judicial district, and by committing acts of infringement in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Plaintiff's claim.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b), as Defendants have committed acts of infringement in this district.

## THE PARTIES

5. Plaintiff PETER KAO is an individual residing in Los Angeles County, California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant BD RESTAURANT GROUP dba MJ CAFÉ & TEAHOUSE ("MJ Café") is a corporation organized and existing under the laws of the state of California, having its principal place of business at 18851 Aldridge Place, Rowland Heights, CA 91748.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant NEW TAIWAN TRADING CORP. dba NT FOODS ("NT Foods") is a corporation organized and existing under the laws of the state of California, having its principal place of business at 4340 N Baldwin Ave., El Monte, CA 91731.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant INDEE INC. dba INDEE PACKAGING ("Indee") is a corporation organized and existing under the laws of the state of California, having its principal place of business at 100 N. Citrus Street, Suite 415, West Covina, CA 91791.

9. Plaintiff does not know the true names, identities and capacities of Defendants sued herein as DOES 1 to 100, and therefore sues these Defendants by such fictitious names. At such time as Plaintiff learns the true names, identities, and capacities of Defendants DOES 1 to 100, Plaintiff will amend this Complaint to reflect such names and capacities.

10. Plaintiff is informed and believes, and thereon alleges that Defendants have committed the acts alleged herein within this judicial district.

## GENERAL ALLEGATIONS

11. The Plaintiff's bottle designed to mimic the classic light bulb ("Light Bulb Design") of one of Plaintiff's innovative designs.

12. Plaintiff's Light Bulb Design is protected by United States Design Patent No. D577,601S ("'601 Patent"), which was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on September 30, 2008. Plaintiff is the true owner of all rights, title, and interest in the '601 Patent that encompasses the Light Bulb Design. A true and correct copy of the '601 Patent is attached hereto as Exhibit 1.

13. Plaintiff's Light Bulb Design is distinctively designed with the following features to mimic the look and feel of a classic "A" type light bulb: 1) pear shaped form; 2) bulbous bottom; 3) narrow neck; and 4) a threaded top to fasten a screw cap. The above-described characteristics and design together constitute the Plaintiff's '601 Patent, in which Plaintiff owns protectable rights.

14. The success and novelty of the '601 Patent prompted third parties, including Defendants to manufacture and/or distribute blatant counterfeits of Plaintiff's innovative design to compete with and infringe the '601 Patent.

15. In or around July 2017, Plaintiff discovered that Defendants manufactured and/or offered for sale, nearly identical copies of Plaintiff's Light Bulb Design ("Infringing Products"), which is the subject matter of the '601 Patent. A true and correct copy of Defendants' advertisements is attached hereto as Exhibit 2.

16. Upon information and belief, Plaintiff alleges that Defendants' Infringing Products were, and still are manufactured, distributed, and/or offered for sale using a substantially similar design, characteristic, and size as Plaintiff's '601 Patent.

17. Plaintiff is informed and believes that Defendants were aware of Plaintiff's rights before it began its infringing activity, and that Defendants' use and infringement is therefore willful.

# FIRST COUNT

## Design Patent Infringement

## (Pursuant to 35 U.S.C. §271)

18. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1-17 above.

19. Defendants, through its agents, employees, and representatives, have directly infringed, and continue to directly infringe the '601 Patent under 35 U.S.C. §271.

20. Defendant MJ Café, through its agents, employees, and representatives has, and continue to knowingly, intentionally, and willfully infringe the '601 Patent by selling, offering for sale, and/or importing Infringing Products such as "Boba Bulb" that, without the cap, would appear to an ordinary observer to be substantially similar to the claim of the '601 Patent as shown below.

| Infringing Product | U.S. Design Patent No. D577,601 |
|---|---|
| BOBA BULB | FIG. 2 |

21. Defendants Indee and NT Foods, through its agents, employees, and representatives has, and continue to knowingly, intentionally, and willfully infringe the '601 Patent by making, using, selling, offering for sale, and/or importing Infringing Products such as Indee's "Bulb P.E.T. Cup" distributed by Defendant NT Foods that would appear to an ordinary observer to be substantially similar to the '601 Patent as shown below.

| Infringing Product | U.S. Design Patent No. D577,601 |
|---|---|
| | FIG. 1 |
| | FIG. 2 |
| | FIG. 4 |
| | FIG. 5 |

22. Defendants undertook their acts of infringement of the '601 Patent without permission or license.

COMPLAINT
6

23.     Upon information and belief, Defendants had actual knowledge of Plaintiff's right in the design claimed in the '601 Patent.  Defendants' Infringing Products are a nearly identical copy of Plaintiff's design.  Defendants' actions constitute willful and intention infringement of the '601 Patent. Defendants infringed the '601 Patent with reckless disregard for Plaintiff's patent rights. Defendants knew, or it was so obvious that Defendants should have known, that their actions constituted infringement of the '601 Patent.  Defendants' acts of infringement of the '601 Patent were not consistent with the standards of commerce for its industry.

24.     As a direct and proximate result of Defendants' acts of infringement, Defendants have derived and received gains, profits, and advantages in an amount that is not presently known to Plaintiff.

25.     Pursuant to 35 U.S.C. §284, Plaintiff is entitled to damages for Defendants' infringing acts and treble damages together with interest and cost as fixed by this court.

26.     Pursuant to 35 U.S.C. §285, Plaintiff is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

27.     Pursuant to 35 U.S.C. §289, Plaintiff's are entitled to recover Defendants' total profits from Defendants' infringement.

28.      Due to the aforesaid infringing acts, Plaintiff has suffered great and irreparable injury, for which Plaintiff has no adequate remedy at law.

29.     Defendants will continue to infringe Plaintiff's patent rights and Plaintiff will continue to suffer irreparable harm unless enjoined by this Court.

//

# DEMAND FOR JURY TRIAL

30. Plaintiff hereby demands a jury trial on all claims, damages, and any other issues presented herein that are triable to a jury.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands entry of a judgment against the Defendants as follows:

1. For a judgment declaring that Defendants infringed on Plaintiff's '601 Patent under 35 U.S.C. §271;

2. For a judgment declaring that Defendants' willfully and deliberately infringed Plaintiff's '601 Patent;

3. For a preliminary and permanent injunction enjoining Defendants, its respective officers, directors, agents, servants, employees, attorneys, and those persons in active concert or participation with Defendant, from making, using, selling, offering to sell, and/or import the Infringing Products and any products that are not colorably different therefrom, and from infringing the '601 Patent in violation of 35 U.S.C. §271;

4. For an order requiring Defendants to deliver and be impounded during the pendency of this action all material in Defendants' possession, custody or control that include or incorporate products that infringe Plaintiff's '601 Patent rights, including but not limited to, any products, containers, packages, labels and advertisements in their possession or under their control utilizing Plaintiff's

design patent, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof;

   5. Directing that the Defendants report to this Court within thirty (30) days after a permanent injunction is entered to show its compliance with paragraphs 3 and 4 above;

   6. Directing such other relief as the Court may deem appropriate to prevent the trade and public, or individual members thereof, from gaining the erroneous impression that the Plaintiff authorized or approved any products manufactured, sold, or otherwise circulated or promoted by the Defendants or that such products are in any way related to the Plaintiff;

   7. For all gains, profits and advantages derived by Defendants by Defendants' infringement of the '601 Patent in violation of 35 U.S.C. §271, and the Defendants pay to Plaintiff all damages suffered by Plaintiff and/or Defendants' total profits from such infringement pursuant to 35 U.S.C. §§284 and 289;

   8. Ordering an independent accountant to conduct an accounting of all of Defendants' financial records relating to the infringing activities in order to determine the sums of money owed to Plaintiff.  Upon a determination of sums due to Plaintiff, demand is made that those sums be paid to Plaintiff;

   9. For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement of Plaintiff's '601 Patent, together with interest and costs, and in no event less than a reasonable royalty;

   10. For judgment awarding Plaintiff treble damages and/or exemplary damage because of Defendants' willful conduct pursuant to 35 U.S.C. §284;

11.  Awarding to the Plaintiff its reasonable attorneys' fees and investigative fees pursuant to 35 U.S.C. § 285;

12.  Awarding to the Plaintiff its pre-judgment and post-judgment interest and costs in bringing this action against Defendants; and

13.  Awarding other such relief to the Plaintiff as this Court deems just.

DATED:   08/10/2017                    Respectfully submitted,

_____
**Songfong Tommy Wang**
**Wang IP Law Group, P.C.**

Attorney for Peter Kao